IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Marie Assa'ad Faltas, MD, MPH, for herself and *qui tam* and *Ex Rel* the Government of the Arab Republic of Egypt and *qui tam* the United States of America,<br><br>        Plaintiff,<br><br>    vs.<br><br>State of South Carolina (SC); Nimrata R. Haley, as SC's Governor; Alan Wilson, as SC's Attorney General; Ken Ard, as SC's Lieutenant Governor and President of its Senate; Glenn McConnell, as President *pro tempore* of SC's Senate and Chair of its Judicial Merit Selection Commission (JMSC); Jean Toal, as administrative head of all SC's state courts; SC's General Assembly; Mark Keel, as Chief of SC's State Law Enforcement Division (SLED); Ken Lancaster, as Acting Head of SC's Department of Public Safety; Leon Lott, as Sheriff of Richland County, SC, and Warden of the Alvin S. Glenn Detention Center; Jeannette McBride, as Richland County's Clerk of Court; William Nettles, as U.S. Attorney for the District of South Carolina (D.S.C.); and the City of Columbia, SC; all solely officially and for injunctive and *qui tam* relief; Leslie Coggiola, officially as SC's Disciplinary Counsel, *solely* for injunctive relief; And both officially and individually the following | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C/A No.: 3:11-3077-TLW-SVH<br><br><br><br><br><br><br><br><br><br><br><br><br><br>ORDER |

person: Jake Knotts, falsely bearing the )
title of SC state senator; Dana Turner, )
falsely bearing the title of Chief )
Administrative Judge of the City's )
Municipal Court (CMC); Randy Scott, )
falsely bearing the title of the City's )
Chief of Police; Marion Hanna, falsely )
bearing the title of CMC judge; Ken )
Gaines, Robert G. Cooper, and David A. )
Fernandez, supposed attorneys for the )
City; and all their subordinates who did )
and/or intend to injure Plaintiff, all for )
injunctive relief, *qui tam* damages, and )
other legal relief, )
                                         )
                    Defendants.          )
                                         )

This is a civil action filed by a *pro se* litigant. Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

**PAYMENT OF THE FILING FEE**:

Plaintiff has submitted a document entitled "Motion and Declaration for Leave to Proceed IFP," which is construed as a Motion for Leave to Proceed *in forma pauperis*. *See* 28 U.S.C. § 1915. A review of the motion reveals that Plaintiff should be relieved of the obligation to prepay the full filing fee. Plaintiff's Motion for Leave to Proceed *in forma pauperis* is **granted**, subject to the court's right to require a payment if Plaintiff's financial condition changes, and to tax fees and costs against Plaintiff at the conclusion of this case if the court finds the case to be without merit. *See Flint v. Haynes*, 651 F.2d 970, 972–74 (4th Cir. 1981).

**TO THE CLERK OF COURT**:

The Clerk of Court is directed *not* to issue the summonses or forward this matter to the United States Marshal for service of process at this time.

**TO PLAINTIFF**:

Plaintiff must place the civil action number listed above (C/A No. 3:11-3077-TLW-SVH) on any document provided to the court pursuant to this order. **Any future filings in this case must be sent to 901 Richland Street, Columbia, South Carolina 29201.** All documents requiring Plaintiff's signature shall be signed with Plaintiff's full legal name written in Plaintiff's own handwriting. *Pro se* litigants shall *not* use the "s/typed name" format used in the Electronic Case Filing System. In all future filings with this court, Plaintiff is directed to use letter-sized (8½ inches by 11 inches) paper only, to write or type text on one side of a sheet of paper only and not to write or type on both sides of any sheet of paper. Plaintiff is further instructed not to write to the edge of the paper, but to maintain one inch margins on the top, bottom, and sides of each paper submitted.

Plaintiff is a *pro se* litigant. Plaintiff's attention is directed to the following important notice:

You are ordered to always keep the Clerk of Court advised **in writing (901 Richland Street, Columbia, South Carolina 29201**) if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to meet a deadline set by this court, **your case may be dismissed for violating this order.** Therefore, if you have a change of address before this case is ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address and providing the court with the docket number of all pending cases you have filed with this court. Your failure to do so will not be excused by the court.

IT IS SO ORDERED.

*Shiva V. Hodges*

January 27, 2012                          Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge

**_Plaintiff's attention is directed to the important warning on the next page._**

3

# IMPORTANT INFORMATION ....PLEASE READ CAREFULLY

## WARNING TO PRO SE PARTY OR NONPARTY FILERS

All Documents That You File with the Court Will Be Available to the Public on the Internet Through Pacer (Public Access to Court Electronic Records) and the Court's Electronic Case Filing System. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN OR SHOULD BE REMOVED FROM ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court.  Rule 5.2 applies to ***ALL*** documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court.  If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing.   A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.**  If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.**  If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.**  If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.**  If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2.  Protection of other sensitive personal information  –  such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d)(Filings Made Under Seal) and (e) (Protective Orders).