IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Marie Assa'ad Faltas, MD, MPH, for herself and *qui tam* and *Ex Rel* the Government of the Arab Republic of Egypt and *qui tam* the United States of America,<br><br>      Plaintiff,<br>v.<br><br>State of South Carolina (SC), *et al.*,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No.: 3:11-3077-TLW-SVH<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# **ORDER**

On November 10, 2011, the Plaintiff, Marie Assa'ad Faltas ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to 42 U.S.C. § 1983. (Doc. # 1).

The matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Shiva V. Hodges, to whom this case had previously been assigned. In the Report, the Magistrate Judge recommends that Plaintiff's complaint be dismissed without prejudice and without issuance and service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). (Doc. # 14). The Plaintiff filed objections to the Report on February 13, 2012. (Doc. # 17). On that same date, Plaintiff moved this Court for an additional thirty (30) days in which to supplement her objections and for the ongoing right to file all future documents electronically. (Doc. # 16). The thirty day time period requested has passed and the Court has received no supplementary objections. On March 14, 2012, Plaintiff filed additional "Motions" in which she requested yet another thirty (30) day period to supplement her objections as well as other relief. (Doc. # 19). The Court has reviewed all of these filings. These matters are now ripe for resolution.

In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.
>
> <u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992)
>
> (citations omitted).

In light of the standard set forth in <u>Wallace</u>, the Court has reviewed, <u>de</u> <u>novo</u>, the Report and the objections. After careful review of the Report and objections thereto, the Court hereby **ACCEPTS** the Report. (Doc. # 14). The Complaint is **DISMISSED** without prejudice and without issuance and service of process. Additionally, Plaintiff's motion for leave to file all future documents with this Court electronically is **DENIED**. (Doc. # 16). To the extent that Plaintiff has sought time beyond today's date to supplement her objections those motions are likewise hereby **DENIED**. (Docs. # 16 and # 19). Additionally, all other relief requested in Plaintiff's March 14, 2012 motion is **DENIED**. (Doc. # 19).

    **IT IS SO ORDERED**.

March 22, 2012                      __s/Terry L. Wooten_____
Florence, South Carolina            United States District Judge